[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#163)
The above-entitled action is a claim for custody, and visitation of a minor child, the son of the defendant mother. Although the plaintiff originally claimed to be the biological father of the child, blood testing excluded him as a possible biological father. This court originally granted the defendant mother's motion to strike his claim for custody, from plaintiff has reserved his rights to appeal.
The parties have entered into a stipulation with respect to the issues of visitation, and have been living pursuant to the arrangement for sometime. The defendant has married, and has had at least one child of her current marriage. Sometime after the subject motion to strike was argued, the parties filed waivers and indicated that the court should rule on the motion for lack of resolution by the parties of the issues in the case.
The court has reviewed the motion and memoranda supporting the parties positions. No memorandum was filed by the attorney for the minor child. The court has had the opportunity to review the issue of joinder in a marital tort action (FA-0054449, Hutchings v. CT Page 3234 Hutchings, February 22, 1993), and the Connecticut Supreme Court has recognized that ". . . such a tort (custodial interference) may have a place in our jurisprudence." Marshak v. Marshak, 226 Conn. 652, 665
(1993). These two issues are dispositive of the issues in the plaintiff's motion to strike.
A motion to strike challenges the legal sufficiency of a pleading; or any count thereof. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). Practice Book 152. In ruling on a motion to strike, the court must admit the truth of all facts well pleaded; Mingachos v. CBS Inc., 196 Conn. 91,108, 491 A.2d 368 (1985); and the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick,209 Conn. 407, 408, 551 A.2d 738 (1988). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the faces alleged." Novametrix Medical Systems, Inc. v. BOC Group Inc. 224 Conn. 210, 215, 618 A.2d 25
(1992).
The issues involved in the complaint and the counterclaim have to do with the non-marital but quasi-familial relationship of cohabiting parties, and a minor child who lives within that unit for a substantial part of his life. For that child, there is a sense of family, and the inquiry of the court, as his best interests, necessarily call into question the same issues as in the dissolution of marriage, and the conflict between parents as they argue over the custody of their child or children. Ryan, who is the child expected to withstand this process between his birth mother, and the man with whom she shared her life, and the life of her infant son during his first three (3) years of life, stands in a similar place to a child of a legally recognized marriage. Thus, the case law concerning joinder of marital torts, and the case at hand may be regarded as analogous by the court. Adults make decisions in their lives which affect children, and the lack of legal sanction to the adult relationship should not compromise the rights of the child affected by the adult acts. Based upon court's finding that the rights of take child should be CT Page 3235 dealt within one piece of litigation, the transactional approach is appropriate to this case, and the complaint and counterclaim should be tried as one action. See Hutchings, supra.
With respect to the plaintiff's claim that this is not a cognizable action under law of State supra, did not specifically articulate such a cause of action, that was predicated on the fact that the biological parents were joint custodians of the children, in that no court order had yet been entered. We do not have that situation here. The facts in this case indicate a claim by the plaintiff in the original complaint that he was the biological father of this child, when he was not. Furthermore, at the time of the first court hearing, a stipulation was entered into which placed the original order of sole custody. Thereafter, there have been protracted motions, intervention by Family Services, and no apparent resolution of the underlying issues. The liability, if any, for that, and any damages resulting therefrom, remain the subject of proof. The court has found that it is appropriate to address those issues in a joined action.
The plaintiff has further moved to strike the second count of the counterclaim which claims vexatious suit. The ability of the defendant to prove that the complaint is resolved in her favor, a necessary element of the claim for vexatious suit, may well be accomplished within the confines of this litigation and preserve the intent of the court in final resolution for the child articulated with respect to its discussion of the issue of joinder. If the defendant's proof fails, then the count will be decided in plaintiff's favor. The motion to strike is again denied.
The court has reviewed the claims of the plaintiff with respect to the third and fourth counts of the counterclaim. The motion to strike those counts is denied. The claims, if proved, would provide a basis for relief.
DRANGINIS, J. CT Page 3236